IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JAMES A. HILL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 7:16-CV-30-HL-TQL |
| VS. | : | |
| | : | |
| MARTY C. ALLEN, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER

Plaintiff James A. Hill, a prisoner currently confined at Hays State Prison in Trion, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has also moved for leave to proceed without prepayment of the filing fee (ECF No. 2) and for appointment of counsel (ECF No. 5). Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his recast complaint. *See* 28 U.S.C. § 1915A(a). Having done so, the Court finds Plaintiff has failed to state a claim upon which relief may be granted as to each of his claims against the named Defendants. As such, Plaintiff's Complaint must be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A. The Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) for purposes of dismissal only and **DENIES** Plaintiff's motion to appoint counsel (ECF No. 5).

    I.    **Motion to Appoint Counsel**

Plaintiff has moved for the appointment of counsel (ECF No. 5). Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford

counsel." There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) (en banc).

In this case, Plaintiff has filed his Complaint on the Court's standard § 1983 form. The Court is required to review Plaintiff's Complaint to determine whether Plaintiff's allegations state a colorable legal claim. This process is routine in *pro se* prisoner actions and is thus not an "exceptional circumstance" justifying appointment of counsel. The facts as stated in Plaintiff's current Complaint are not complicated, and the law governing Plaintiff's claims is neither novel nor complex. Plaintiff's motion to appoint counsel (ECF No. 5) is accordingly **DENIED**.

**II.     Preliminary Screening**

    A.  Standard of Review

When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a

prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

      B. Factual Allegations

Plaintiff's claims arise from his imprisonment at Valdosta State Prison ("VSP"). (Compl. 5, ECF No.1.)   According to Plaintiff's Complaint, on November 7, 2014, while Plaintiff was housed in administrative segregation at VSP, Plaintiff's cellmate attacked him, causing serious injuries that required several days' hospitalization, a CAT scan, plastic surgery, and other treatment.  *Id.*  Plaintiff contends that Defendant Allen, the warden of the prison, failed to properly investigate the attack, press charges against Plaintiff's attacker, or separate Plaintiff from his attacker after the assault.  *Id.*  Plaintiff also contends that Defendant Terbizan, a member of the prison's CERT team, failed to conduct security checks every fifteen to thirty minutes on the night of the attack so that Plaintiff could "report this incident befor[e] it took place" and failed to stop Plaintiff's attacker from assaulting him.  *Id.* at 5-6.  Plaintiff alleges that Defendant Woods, the prison's classification counselor, placed Plaintiff's attacker in Plaintiff's cell without following classification policies that would ensure the cellmates would be compatible.  *Id.* at 5.   Plaintiff also names as a Defendant the "medical administrator" of the prison, but he fails to specify how the medical administrator violated his constitutional rights.  *Id.* at 6.  Plaintiff contends that each of these Defendants' actions violated his constitutional rights,

and he seeks compensatory damages and a transfer to Augusta State Medical Prison so that he may obtain further medical care, if necessary. *Id.* at 7.

### C. Plaintiff's Claims

#### 1. Claims against Defendant Allen

Plaintiff contends that Defendant Allen violated his constitutional rights by failing to train his guards appropriately and by failing to take appropriate action after Plaintiff's attack. Such allegations fail to state a constitutional claim. Supervisors, such as Defendant Allen, can only be held liable under § 1983 if they personally participated in the allegedly unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam). A causal connection can be established if the plaintiff shows

> (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted). Plaintiff alleges that Defendant Allen should have given his guards more training, investigated the attack more thoroughly, pressed charges against Plaintiff's attacker, and separated Plaintiff from his attacker after the assault. (Compl. 5.) These are insufficient

bases for holding Defendant Allen liable under § 1983.  First, Plaintiff's conclusory allegation that Defendant Allen failed to properly train his guards does not state a claim upon which relief may be granted.  *See Salas v. Tillman*, 162 F. App'x 918, 922 (11th Cir. 2006) (per curiam) (a "conclusory allegation that [w]arden . . . failed to properly train and supervise his staff . . . was insufficient to set forth a claim under § 1983").  Second, Plaintiff, as a private citizen, "lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  Thus, Defendant Allen's failure to investigate or press charges against Plaintiff's attacker is not a constitutionally cognizable injury.  *See Otero v. U.S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) (holding that the district courts have no authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions).  Third, as to Plaintiff's allegations that Defendant Allen failed to separate Plaintiff from his attacker, it appears from documents attached to Plaintiff's Complaint that Plaintiff was, in fact, separated from his attacker upon his return from the hospital.  (Attach. 3 to Compl. at 1 ("When you were released from the infirmary, you were placed on the opposite [sic] of the building than Michael Hill.").)  While Plaintiff was moved into a cell next to his attacker several weeks after the attack, it was the only cell available to Plaintiff at the time, and his attacker was released back to general population (and thereby again separated from Plaintiff) the very next day.  *Id.*

In sum, Plaintiff's Complaint does not allege that Defendant Allen personally participated in any decision that violated Plaintiff's constitutional rights, had any customs

or policies that implicated Plaintiff's constitutional rights, directed any of his subordinates to act unlawfully, or knew they were doing so and failed to stop them. *See Hendrix*, 535 F. App'x at 805. Indeed, Plaintiff fails to allege that Defendant Allen had any prior knowledge of the threat posed to Plaintiff by his cellmate. Plaintiff's claims against Defendant Allen must therefore be **DISMISSED without prejudice.**

### 2. *Claims against Defendants Woods and Terbizan*

Construed liberally, Plaintiff's allegations against Defendants Woods and Terbizan can be read as contentions that these Defendants failed to protect him from assault by another inmate. Such claims are cognizable under the Eighth Amendment to the United States Constitution. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prisoner asserting an Eighth Amendment failure-to-protect claim must allege (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013). To establish deliberate indifference in this context, a prisoner must show that prison officials subjectively knew of the substantial risk of serious harm and that the prison officials knowingly or recklessly disregarded that risk. *Id.* at 1332. Negligent failure to protect an inmate from attack will not support a § 1983 claim. *See id.*

Plaintiff contends that Defendant Woods violated specific prison classification policies when she assigned Plaintiff to a cell with his attacker. (*See* Compl. 8.) Similarly, Plaintiff appears to contend that Defendant Terbizan violated a prison policy requiring cell checks every fifteen to thirty minutes. *Id.* at 5. The "failure to follow

7

procedures does not," however, "by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence." *Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2013). Plaintiff never alleges that Defendants Woods and Terbizan "had a subjective awareness of a substantial risk of serious physical threat to Plaintiff," *Carter v. Galloway*, 352 F.3d 1346, 1350 (11th Cir. 2003) (per curiam), nor does Plaintiff contend that Defendants' alleged failure to follow prison policies was more than an isolated incident.[1] Absent any such allegations, Plaintiff has failed to state a claim upon which relief may be granted. *See, e.g., Goodman*, 718 F.3d at 1332 (noting that prison guards' "failure to conduct the cell checks and head counts" was merely negligent and did not demonstrate that guards "*knew* of a substantial risk of serious harm" to plaintiff who was attacked by another inmate); *see also Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995) (affirming grant of summary judgment to jailer in failure-to-protect case whose only alleged act of deliberate indifference was his failure to make rounds every thirty minutes).

---

[1] Although Plaintiff alleges that he might have been able to report the incident before it occurred had Defendant Terbizan made his rounds at the appropriate times, Plaintiff also acknowledges that he was asleep when he was attacked. (Compl. 5.) It is thus unclear how Plaintiff would have reported the attack in time for Defendant Terbizan to prevent it. Plaintiff also briefly mentions that Defendant Terbizan "didn't attempt to make [Plaintiff's attacker] stop from assaulting [Plaintiff]." (Compl. 6.) Plaintiff provides no facts that expand upon this contention. It is therefore impossible to determine from Plaintiff's Complaint whether Plaintiff intended to allege that Defendant Terbizan had an opportunity to stop the assault after it began or whether this allegation is intended to support Plaintiff's contention that had Defendant Terbizan made his rounds in a timely manner, the attack could have been prevented.

### 3. *Claims against Prison Medical Director*

Plaintiff has also named the prison's medical director as a Defendant in this case. (*See* Compl. 1.) Although Plaintiff generally mentions that he believes he received insufficient care after his attack, Plaintiff has failed to specifically link the prison medical director with any allegedly unconstitutional act. As such, these claims must be **DISMISSED without prejudice.** *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation).[2]

## III.    Conclusion

Based on the foregoing, the Court concludes Plaintiff has failed to state a claim upon which relief may be granted as to each of the named Defendants. Thus, Plaintiff's Complaint must be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED** for purposes of this dismissal only, but Plaintiff's motion to appoint counsel (ECF No. 5) is **DENIED.**

**SO ORDERED** this 11th day of April, 2016.

*s/ Hugh Lawson*_____
HUGH LAWSON, SENIOR JUDGE

---

[2] Plaintiff also mentions that nurse Debra Seleska provided him with "poor medical care." (Compl. 6.) It is unclear whether Plaintiff intended to name Nurse Seleska as a Defendant in his Complaint. Even if he did, however, he has failed to state a claim upon which relief may be granted as to any claims against her. Plaintiff has made no allegations whatsoever describing how Nurse Seleska provided him with inadequate medical care; indeed, he states he received an x-ray, ice pack, and pain medicine while at the jail and was transported to South Georgia Medical Center on the night of the attack for additional treatment. (Attach. 3 to Compl. at 2.)

9